**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION (BOSTON)**

| | |
|---|---|
| **JAY KELLY, on behalf of himself and all other similarly situated persons,**<br><br>**Plaintiff,**<br>**v.**<br><br>**SUN LIFE ASSURANCE COMPANY OF CANADA,**<br>**Defendant.** | **COMPLAINT**<br><br>**(Class Action)** |

## INTRODUCTION

1. Plaintiff Jay Kelly ("Mr. Kelly") brings this action, on behalf of himself and all other similarly situated persons, against Defendant Sun Life Assurance Company of Canada ("Defendant" or "Sun Life") concerning the reduction of long-term disability insurance benefits based on a participant's receipt of retirement plan benefits and/or eligibility to receive retirement benefits from the "UPS Defined Pension Plan (A Plan)."

2. The headings contained in this class action Complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid unnecessary repetition in each section, Mr. Kelly affirms and incorporates each paragraph in each section of this class action Complaint where necessary as though fully set forth therein.

3. The factual allegations contained in this class action Complaint are *not* exhaustive and are provided only to provide Sun Life with notice of the basis for Mr. Kelly's class claims, allegations, and requested relief/damages.

## NATURE OF CASE

4. This lawsuit concerns Sun Life's calculation of participant benefits under its long-term disability insurance form policies insured by Sun Life generally, and specifically policy

number 223663-001 under which Mr. Kelly is insured.

**JURISDICTION & VENUE**

5. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

6. Pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391, venue is appropriate in the United States District Court for the District of Massachusetts, Eastern Division (Boston).

**PARTIES**

7. Mr. Kelly is a citizen of the United States and an insured under policy number 223663-001 drafted, issued, insured, and administered by Sun Life.

8. Sun Life drafted, issued, administers, and insures the policy number 223663-001 under which Mr. Kelly is insured, as well as long-term disability insurance policies containing the same language applicable here. Sun Life is headquartered in Wellesley Hills, Massachusetts and regularly conducts business in the Commonwealth of Massachusetts—NAIC #80802, FEIN #381082080. Sun Life's registered agent for service of process is Kerri R. Ansello, 96 Worcester Street, Law Dept. Wellesley Hills, MA 02481.

**GENERAL FACTUAL ALLEGATIONS**

To the best of his information, memory, and belief, Mr. Kelly provides the following facts in support of his claims herein.

9. Mr. Kelly was, and is, an insured participant under a long-term disability insurance policy, drafted, issued, administered, and insured by Sun Life—policy number 223663-001 (the "Policy").

10. The Policy was issued to the Independent Pilots Association with a Policy effective date of July 1, 2012.

11. In the event of an insured participant's disability, the Policy provides a monthly income benefit equal to 60% of the insured participant's "basic pay period earnings," subject to a maximum benefit.

12. The Policy benefits are payable until the earlier of: (i) the date the insured participant is no longer disabled; (ii) the date the insured participant dies; and (iii) the insured participant's age 65.

13. The Policy, as drafted by Sun Life, contains a section entitled "Other Income Benefits."

14. The Other Income Benefits section is regularly part of each long-term disability insurance policy drafted, issued, administered, and insured by Sun Life.

**a. Single Life Annuity Deduction.**

15. As a consistent practice applicable to all insured participants, Sun Life reduces long-term disability monthly benefits based on the *greater* of a disabled insured participant's receipt of, or eligibility to receive, retirement benefits from an employer defined benefit pension plan.

16. Sun Life does *not* reduce the monthly policy benefits by the monthly pension benefit *received* by the insured participant. Instead, Sun Life reduces the participant's monthly benefit by the *maximum* monthly pension benefit—*the single life annuity*—the insured participant was eligible to receive had they *not* been married.

17. The normal form of benefit for a married participant under a defined benefit plan

is a qualified joint and survivor annuity—*not* a single life annuity.[1]

18. An insured and married participant cannot elect, and is *not* otherwise eligible to receive, a single life annuity.

19. The right to receive a qualified joint and survivor annuity is vested in the spouse, *not* the participant.

20. The spouse *must consent* in writing to the defined benefit pension plan providing any other form of payment, including a single life annuity.

21. Absent written consent by the spouse, the only form of benefit the participant is eligible to receive is the qualified joint and survivor annuity.

22. Despite the fact that a married participant is *not* eligible to receive a single life annuity, Sun Life has routinely and as matter of administrative practice consistently reduced its insured married participants'—including Mr. Kelly's—monthly benefits by the amount of their single life pension benefit—*not* the lower qualified and joint survivor annuity.

23. Sun Life's actions have negatively impacted *not* just Mr. Kelly and the other married participants receiving benefits under policy number 223663-001, but also all other married participants who received benefits under long-term disability insurance policies drafted, issued, administered, and insured by Sun Life.

**b. "UPS Defined Pension Plan (A Plan)" Deduction.**

24. In addition to the foregoing improper reduction of benefits for married participants based on the single life annuity, under policy number 223663-001, Sun Life reduced disabled participants' benefits based on the greater of their retirement benefits received, or that they were eligible to receive.

[1] *See*, 26 U.S.C. § 417; 26 CFR § 1.401(a)-20.

25. The applicable pension plan available to, and providing retirement plan benefits to members of the Independent Pilots Association, is the "United Parcel Service Retirement Plan" also called the "UPS Retirement Plan."

26. Mr. Kelly, as well as all other members of the Independent Pilots Association, are covered by, and potentially eligible to receive retirement benefits from, the UPS Retirement Plan.

27. The "UPS Retirement Plan" is *not* part of any federal, state, county, municipal or association retirement system. As such, the "UPS Retirement Plan" does *not* satisfy the policy definition— number 223663-001—of an employer retirement plan.

28. The "UPS Retirement Plan" is also *not* defined in policy number 223663-001 as a permissible Other Income Benefits reduction.

29. Policy number 223663-001 limits the Other Income Benefits definition to the "UPS Defined Benefit Pension Plan (A Plan)."

30. Mr. Kelly, and the other disabled participants, does *not* receive retirement benefits from the "UPS Defined Benefit Pension Plan (A Plan)."

31. Despite the "UPS Retirement Plan" *not* being an employer retirement plan as defined by policy number 223663-001, and despite *not* being defined as a specific form of Other Income Benefits, Sun Life has routinely and as matter of administrative practice consistently reduced its insured married participants'—including Mr. Kelly's—monthly benefits by the amount of their single life pension benefit from the "UPS Retirement Plan."

32. Sun Life's actions have negatively impacted *not* just Mr. Kelly and the other married participants receiving benefits under policy number 223663-001, but also all other married participants who received, or are receiving. benefits under long-term disability insurance

policies drafted, issued, administered, and insured by Sun Life.

## CLASS ALLEGATIONS

33. Mr. Kelly brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the following classes:

> Class 1. All married insured participants under a Sun Life Assurance Company of Canada long-term disability insurance policy whose benefits were reduced pursuant to the Other Income Benefits policy form by the value of their single life annuity retirement plan benefit.
>
> Class 2. All married insured participants under Sun Life Assurance Company of Canada Policy, Policy Number 223663-001, whose policy benefits were:
>
> (i) reduced by the value of their single life retirement plan form of benefit; and/or
>
> (ii) reduced by the value of their UPS Retirement Plan benefit.

Excluded from the Class definitions are Sun Life, its officers, directors and employees, and any judicial officer assigned to this matter.

34. The Class definitions are consistent with precedent recognizing that ERISA class claims challenging a uniform benefit determination methodology are appropriate for class treatment where liability turns on the legality of a common plan provision and common course of conduct.

### A. Rule 23(a).

35. The classes are so numerous that joinder is impracticable. Class 1 consists of thousands of married individuals nationwide who are receiving, or who received, benefits under a Sun Life long-term disability insurance policy. Class 2 consists of dozens or hundreds of married individuals who are receiving, or who received, benefits under Sun Life policy no.

223663-001.

36. The identities and number of the class members are ascertainable from the records required to be maintained by Sun Life.

37. There are questions of law and fact common to both classes. For Class 1, the overarching question is whether the uniform language of Sun Life's Other Income Benefits permits the reduction of a married participant's benefits based on the value of their single life annuity—for which they are not eligible as a matter of law. For Class 2, the same question applies with the additional question of whether Sun Life is permitted to reduce a participant's benefits based on their "UPS Retirement Plan" benefit.

38. Commonality is satisfied where claims arise from standardized conduct and the legality of that conduct can be determined in one stroke.

39. Mr. Kelly's claims are typical of both classes. Mr. Kelly is a married participant in a Sun Life insured and administered long-term disability policy that contains an Other Income Benefits clause—policy no. 223663-001. The Other Income Benefits clause was, and is, applied to all Sun Life married participants receiving benefits, as well as to the married participants employed by United Parcel Service—reducing their policy benefits.

40. Typicality is satisfied where claims arise from the same event, practice, or course of conduct and are based on the same legal theories. Mr. Kelly's claims arise from the same uniform calculation by Sun Life and present the same legal and factual issues applicable to both classes.

41. Mr. Kelly will fairly and adequately represent the classes—his interests are aligned with those of both classes.

42. Mr. Kelly has retained counsel experienced in complex ERISA class action

litigation. His counsel will prosecute this action vigorously.

**B. Rule 23(b)(1).**

43. Class certification is appropriate under Rule 23(b)(1) because separate actions would create a risk of inconsistent adjudications.

44. The Sun Life policies, subject to ERISA, must be administered *uniformly*.

45. Adjudication of the legality of Sun Life's Other Income Benefits calculation methodology—reducing by the value of the single life annuity and by the value of the UPS Retirement Plan benefits—will affect all insured participants in the same manner.

46. Separate actions could result in incompatible standards of conduct for Sun Life and the long-term disability insurance policies—contrary to ERISA's mandate.

47. Certification is also appropriate under Rule 23(b)(1)(B) because individual adjudications would, as a practical matter, dispose of the interests of other insured participants.

48. This is precisely the type of ERISA case that precedent has recognized as appropriate for mandatory class treatment.

**C. Rule 23(b)(2).**

49. Certification is appropriate under Rule 23(b)(2) because Sun Life has acted, and continues to act, on grounds generally applicable to both classes.

50. Specifically, Sun Life uniformly reduces married participants' policy benefits by the value of their single life annuity and reduces participants' benefits under policy no. 223663-001 by the value of their UPS Retirement Plan benefit.

51. The primary relief sought in this action *includes* a declaration that Sun Life's administrative Other Income Benefits practices are unlawful under ERISA and the policy terms, a permanent injunction enjoining Sun Life's conduct, reformation of Sun Life's Other Income

Benefits policy language as necessary, and a directive to recalculate class members' benefits.

52. Certification under Rule 23(b)(2) is appropriate where ERISA plaintiffs challenge uniform plan administration and seek plan-wide injunctive relief. The requested relief would apply uniformly to members of both classes.

**D. Rule 23(b)(3).**

53. Certification is appropriate under Rule 23(b)(3) because common questions predominate. The predominant issue is whether Sun Life's uniform administrative Other Income Benefits calculation methodology—reduction of participant's benefits by the value of their single life annuity and by the value of their UPS Retirement Plan benefit—violates ERISA and the policy terms.

54. This single calculation methodology issue can be resolved using common evidence, including the Other Income Benefits policy terms, as well as federal statutory and regulatory requirements applicable to the normal form of benefit for married participants.

55. Where liability turns on standardized conduct, common issues predominate even if damages must be calculated individually. Individual damages calculations do *not* defeat predominance. Any benefit recalculation can be performed mechanically using data readily available to Sun Life.

56. This action on behalf of both classes provides for a superior method for the fair, consistent, and efficient adjudication of this controversy.

57. There are *no* manageability concerns because liability turns on a single basic calculation methodology.

## CLAIMS FOR RELIEF

**A. Count I – Recovery of Benefits and Enforcement of Rights Under the Policy.**

58. Mr. Kelly incorporates all preceding paragraphs by reference.

59. ERISA Section 502(a)(1)(B) permits a participant or beneficiary to bring a civil action to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, or to clarify rights to future benefits.

60. The policies at issue in this action, specifically the Other Income Benefits clause, are part of an employee benefit plan governed by ERISA.

61. Sun Life, as an ERISA plan administrator, insurer, and fiduciary, bound itself to pay benefits in strict accordance with the terms of policies—the Other Income Benefits clause.

62. By reducing Class 1 members' benefits by the amount of their single life annuity, Sun Life breached the terms of the policies and failed to pay benefits due.

63. By reducing Class 2 members' benefits by the amount of their single life annuity, Sun Life breached the terms of the policies and failed to pay benefits due.

64. By reducing Class 2 members' benefits by the amount of their UPS Retirement Plan benefit, Sun Life breached the terms of the policies and failed to pay benefits due.

65. As a direct result of Sun Life's breaches, Mr. Kelly and the members of both classes have been underpaid their policy benefits—the unlawful benefit reductions.

66. Mr. Kelly and the members of both classes are entitled to declaratory relief, including the recovery of all past benefits improperly withheld, plus pre-judgment interest.

67. Mr. Kelly and the members of both classes are entitled to declaratory and injunctive relief clarifying their right to future benefit calculations—not based on their single life

annuity and not based on their UPS Retirement Plan benefit—and requiring Sun Life to cease its wrongful conduct.

**B. COUNT II – Breach of Fiduciary Duty.**

68. Plaintiff incorporates all preceding paragraphs by reference.

69. Sun Life is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercises discretionary authority over claim adjudications and plan asset distributions.

70. ERISA § 404(a)(1)(A)-(D), 29 U.S.C. § 1104(a)(1)(A)-(D), requires fiduciaries to discharge their duties solely in the interest of participants, for the exclusive purpose of providing benefits, and in accordance with the documents and instruments governing the plan.

71. Defendant breached its fiduciary duties by systemically implementing an extra-contractual interpretation of the Other Income Benefits clause and policy no. 223663-001 to minimize its own financial obligations, prioritizing its own corporate profits over the rights of plan participants.

72. Mr. Kelly seeks appropriate equitable relief under Section 502(a)(3), including but *not* limited to: an injunction enjoining Sun Life from continuing its improper offset practices; an accounting; disgorgement of profits made on withheld benefits; and a constructive trust.

**C. COUNT III – Attorneys' Fees & Costs.**

73. As a result of Sun Life's improper conduct, Mr. Kelly and the classes have incurred attorneys' fees and costs.

74. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Kelly and the classes to recover reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Kelly, individually and on behalf of both classes, respectfully requests that the Court grant the following relief:

75. Enter an Order certifying Class 1 and Class 2 under FRCP 23, appointing Mr. Kelly as representative for both classes, and appointing his retained counsel as Class Counsel.

76. Judgment in favor of Mr. Kelly and both classes as to each of their claims asserted in this action, to include all appropriate legal and equitable relief to include:

a. a declaration that Sun Life's Other Income Benefits calculation methodology violates ERISA and the policy terms;

b. order Sun Life to recalculate Mr. Kelly's and class members' benefits, with a corresponding payment of retroactive benefits;

c. reformation of the Other Income Benefits clause as appropriate;

d. award equitable relief, including surcharge and restitution;

e. enjoining Sun Life from continuing its unlawful conduct;

f. pre-judgment interest calculated at the greater of the statutory rate or the rate earned by Sun Life on the unpaid benefits—the improper reductions; and

g. reasonable attorneys' fees and costs.

77. Award any and all other legal or equitable relief to which Mr. Kelly and the classes may be entitled.

78. Leave to amend the pleadings when and as necessary to ensure substantial justice.

79. Such other and further relief as the Court deems just and proper.

* * * * * * * * *

Date: June 3, 2026,

Respectfully Submitted,

*/s/Paula S. Bliss*
Paula S. Bliss, BBO No. 652361
**Justice Law Collaborative, LLC**
210 Washington Street
North Easton, Massachusetts 02356
p: 508-230-2700
f: 385-278-0287
paula@justicelc.com

**Grabhorn Law | Insured Rights®**
Michael D. Grabhorn, CLU ChFC
(KBA 89842), pro hac vice pending
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
(KBA 96477) pro hac vice pending
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223
p: 502.244.9331
f: 502.244.9334

***Counsel for Plaintiff Jay Kelly***
***and the Putative Classes***